974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl DECKER, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 88-3546.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1992.
 
 Before MARTIN and SILER, Circuit Judges, and CLELAND, District Judge.*
 ORDER
 Carl Decker is a pro se Ohio prisoner who appeals a district court's judgment denying his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 A jury convicted Decker of five counts of rape and one count of corrupting a minor. He alleged 10 claims in his federal petition: 1) that the indictment and bill of particulars were unconstitutionally vague; 2) that the prosecution improperly led witnesses; 3) that counsel was ineffective in withdrawing his plea of not guilty by reason of insanity; 4) that the trial court should have granted his motion for acquittal on the charges relating to his daughter; 5) that the trial court should have dismissed the charges relating to his daughter on its own initiative; 6) that the trial court should have granted his motion for acquittal on the charges relating to Shellie Karnas; 7) that the prosecution improperly expressed an opinion on his guilt; 8) that the jury was not properly instructed regarding unanimous agreement; 9) that the trial court failed to answer a jury inquiry during deliberations; and 10) that his counsel was ineffective at trial.
 The district court denied Decker's petition on May 27, 1988. Decker voluntarily dismissed his initial appeal from this judgment, but a motion to reinstate the appeal was granted on March 2, 1992. A motion for counsel was pending in the appeal prior to its dismissal.
 Upon review, we affirm the district court's judgment regarding most of Decker's claims. Decker did not raise any argument regarding his first, second, third, seventh, eighth or ninth claims in his initial brief on appeal. He has, therefore, abandoned these claims for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1992), cert. denied, 112 S.Ct. 1481 (1992). Decker's fourth, fifth and sixth claims were properly dismissed for the reasons well-stated by the district court. There was sufficient evidence to support the convictions involving Decker's daughter, Robin, even though she was not called to the stand. There was also sufficient evidence to support Decker's conviction for the rape of Robin's friend, Shellie Karnas, despite some minor inconsistencies in her testimony.
 Decker argues that there was insufficient evidence of rape regarding Karnas because there was no evidence or penetration. However, this argument was not clearly presented to the district court and it will not be consdiered by this court for the first time on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1992). For this same reason, we decline consideration of Decker's arguments that counsel was ineffective in relation to Decker's alleged vasectomy, his asserted impotency or the impeachment of Karnas.
 The district court found that counsel's decision not to call Robin was a tactical decision. However, Decker has submitted an affidavit by Robin with his appellate brief, which indicates that she participated in an interview with defense counsel prior to Decker's trial. In a purported transcript of this interview, Robin states that Decker is not guilty of the crimes charged. Instead, she states that Decker was sexually assaulted by her and the other alleged victims while he was in a drunken stupor. She states that the alleged victims fabricated their allegations against Decker when school officials heard rumors about these activities. This evidence was not presented to the district court or to the state courts. As there is nothing in the record to show why it was never presented to the those courts, we decline to pass on that issue.
 Although this court can resolve an issue not raised below, we should do it only where the "proper resolution is beyond any doubt or where injustice might otherwise result." Taft Broadcasting Co. v. United States, 929 F.2d 240, 244 (6th Cir.1991), quoting Meador v. Cabinet of Human Resources, 902 F.2d 474, 477 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). As it is not at all clear that the resolution is beyond any doubt or that an injustice might otherwise result, the petitioner should allow the trial court to consider this first, in order to develop any evidence that might be appropriate.
 
 
 1
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation